UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND


CIVIL ACTION NO. 05-CV-047-HRW

SILVANO SANTORO                                                    PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden, et al.                            RESPONDENTS


*** *** *** ***

Silvano Santoro, by counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.[1]

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).


CLAIMS

The petitioner claims that a 2002 change in Bureau of Prisons ("BOP") policy, reducing the amount of time which a federal prisoner may serve in a Community Corrections Center ("CCC")[2] should not be applied to him because it (1) violates the Ex Post Facto clause of the U.S. Constitution; (2) was not promulgated in conformity with the Administrative Procedures Act ("APA"); and (3) has been found constitutionally offensive by several federal courts.

---

[1] The petitioner has also claimed the Court's jurisdiction under 28 U.S.C. §1361, for mandamus relief, and as a proceeding for declaratory relief under 28 U.S.C. §2201.

[2] Also called "halfway houses."

ALLEGATIONS OF THE PETITION

The following is a summary of the allegations in Petitioner Santoro's petition, which includes an incorporated memorandum of law and several exhibits.  Record No. 1.

The petitioner states that he pled guilty to conspiracy to possess merchandise stolen from interstate transport shipment, in violation of 18 U.S.C. §371, an offense committed on June 20, 2000, in the United States District Court for the Northern District of Illinois, Eastern Division, No. 00-CR-480-1.  On June 16, 2004, he was sentenced to thirteen months' imprisonment, and on September 28, 2004, he was committed to prison.

The petitioner gives his projected release date, via good conduct time, as September 4, 2005, and attached print-outs confirm this.  He alleges that under federal statutes and the BOP's long-standing policy, he would be eligible for CCC placement for the last six months of his sentence prior to release, *i.e.*, on March 4, 2005.  However, he has been recommended for a CCC placement only for a little over one month, from August 2nd to September 4th of 2005, under a new policy limiting the time in CCC placements to only the last 10% of the prisoner's sentence.

The petitioner sets out the background of the BOP's change of policy, which was effective December 20, 2002, and he requests an order directing the warden to immediately place him in a CCC in his hometown, without regard to the December 2002 policy change and in conformity with the old six-months policy.  He attaches two district court opinions in which the petitioners were granted just such relief:  *Schorr v. Menifee*, 2004 WL 1320898 (S.D.N.Y. 2004), and this Court's *Colton v. Ashcroft*, 299 F.Supp.2d 681 (E.D. Ky. 2004), the Honorable Jennifer B. Coffman, presiding.

2

The petitioner claims that he asked for the earlier 6-month placement through the BOP administrative remedy process but was denied relief.  He attaches a copy of a BOP administrative informal request form which he purportedly wrote on November 2, 2004, and asks that this Court not require him to exhaust the entire administrative remedy process, just as the Court waived exhaustion in *Colton*.  Four months after the informal request and one day before the date his alleged proper CCC placement should have begun, on March 3, 2005, the petitioner filed the instant petition making the claims set out on page one, *infra.*

### DISCUSSION/ORDER

The Court agrees with the *Schorr* case in rejecting 28 U.S.C. §1361 as an appropriate vehicle for the instant claims.  2004 WL 1320898 at *4; *see also, Yip v. Federal Bureau of Prisons*, 2005 WL 737567 (E.D.N.Y. April 1, 2005).  Nor is the Declaratory Judgment Act called into play.  *See Colton*, 299 F.Supp.2d at 686-87.  All of the courts which have addressed the BOP's 2002 policy change in the past two years have done so under 28 U.S.C. §2241.  This Court also will proceed under its §2241 jurisdiction.

The Court is troubled by redactions and inconsistencies in the petitioner's exhibit purportedly showing his attempt to get relief through the BOP administrative remedy in November of 2004.  It is also curious that the petitioner's administrative effort was followed by four months of inactivity.  However, as the petition is not frivolous on its face, the Court will require the respondents to address the exhaustion issue and the merits of the claims made herein.

As to the merits, the parties should take notice that shortly after the filing of the instant petition, the United States Court of Appeals for the Sixth Circuit issued an opinion discussing the APA in relation to the change in policy at issue herein.  *Dismas Charities, Inc. v. United States*

*Department of Justice*, 401 F.3d 666 (6th Cir. March 11, 2005).

Also, the United States Code provides that an application for a writ of habeas corpus shall name the person who has custody over the petitioner.  28 U.S.C. §2242.  Likewise, 28 U.S.C. §2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained."  The warden of the facility at which the petitioner is currently serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§2241-2243 and is the appropriate respondent to a writ of habeas corpus.  *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).  The petitioner has named several respondents, but only Warden O'Brien will be required to respond.

Accordingly, **IT IS HEREBY ORDERED**:

(1)     Attorney General Alberto R. Gonzalez and the Federal Bureau of Prisons are **DISMISSED** as respondents herein, without prejudice.

(2)     The Clerk of the Court shall serve by certified mail a copy of the petition and this order upon Respondent Warden O'Brien, and on the Attorney General for the United States, and on the United States Attorney for the Eastern District of Kentucky.

(3)     Respondent, by counsel, shall file an expedited answer or otherwise defend within twenty (20) days of the date of entry of this Order.  Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(4)     Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall forward the record to the Pro Se Office for the Court's further consideration.

(5)     The petitioner shall keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

4

(6)     For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff/petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This April 21, 2005.



Signed By:

*Henry R Wilhoit Jr.*

United States District Judge

5