NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-47-HRW

SILVANO SANTORO                                                                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden, et al.                                                    RESPONDENTS

\*\*\*     \*\*\*     \*\*\*     \*\*\*

This matter is before the Court for a decision on the petition of Silvano Santoro, a federal prisoner, for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. The warden has filed a response to the petition and the petitioner has submitted a reply. For the reasons to be discussed below, the petition will be denied.

BACKGROUND

On March 3, 2005, Mr. Santoro, by counsel, instituted the instant habeas action with the submission of the district court filing fee, the petition, and a supporting memorandum of law. He challenged a 2002 change in Bureau of Prisons ("BOP") policy, reducing the amount of time which a federal prisoner may serve in a Community Corrections Center ("CCC"),[1] from a previous standard grant of 6 months in a CCC to lesser amounts, in his case just over a month. The petitioner has argued that the policy change should not be applied to him because it (1) violates the Ex Post Facto clause of the U.S. Constitution; (2) was not promulgated in conformity with the Administrative

---

[1] Also called "halfway houses."

Procedures Act ("APA"); and (3) has been found constitutionally offensive by several federal courts.

The petitioner claimed that under the old policy he was entitled to a placement of six months, beginning on March 2, 2005, but he has been granted a CCC placement only from August 2nd to September 4th of 2005. Filing the petition on March 3, 2005, the petitioner requested an order directing the warden to immediately place him in a CCC in his hometown, without regard to the December 2002 policy change and in conformity with the old six-months policy. He attached to his petition two district court opinions in which petitioners were granted just such relief: *Schorr v. Menifee*, 2004 WL 1320898 (S.D.N.Y. 2004), and this Court's *Colton v. Ashcroft*, 299 F.Supp.2d 681 (E.D. Ky. 2004).

The petitioner claimed that he asked for the earlier 6-month placement through the BOP administrative remedy process but was denied relief in the first instance. With his ultimate release scheduled for September of 2005, he has asked that this Court not require him to exhaust the entire administrative remedy process, just as the Court waived exhaustion in *Colton*, the Honorable Jennifer B. Coffman, presiding.

On April 22, 2005, the Court ordered service of the petition on the warden, and he has now responded.

RESPONSE

In his response [Record No. 9], supported with two affidavits of BOP personnel, the warden affirms the underlying facts as set out by the petitioner. Santoro pled guilty to conspiracy to possess merchandise stolen from interstate shipment, in violation of 18 U.S.C. §371, in the United States District Court for the Northern District of Illinois. The petitioner was sentenced to thirteen months' imprisonment, and on September 28, 2004, he began service of the sentence. He has a projected

2

release date, via good conduct time, of September 4, 2005, and he is scheduled for a CCC placement to run from August 2nd to September 4th of 2005.

The respondent counters the petitioner's legal claims, however, with his position, *i.e.*, the petitioner is not entitled to the earlier CCC placement he seeks. His first argument is that the Court lacks jurisdiction over the §2241 petition for the petitioner's failure to exhaust the BOP administrative remedy process before filing in federal court; therefore, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1). The respondent distinguishes the exhaustion waiver permitted in *Colton* on several grounds. Additionally, the respondent claims that dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) for the petitioner's failure to state a cognizable claim, as there is no federal right to CCC placement. Alternatively, summary judgment should be awarded to the respondent. Finally, Respondent argues, the petitioner's request for immediate CCC placement must be denied after an analysis of factors necessary for injunctive relief.

In reply [Record No. 10], the petitioner clarifies his position as to exhaustion, stating that, like Colton, it would have been "fruitless" for him to pursue the BOP administrative remedy process, particularly because the petitioner, like Colton, is now a "short-timer." Therefore, he asks that this Court expedite the matter and decide this case on the merits.

DISCUSSION

The Court begins with a summary of the claims that have already been decided. In the Order of April 22, 2005, the Court agreed with the *Schorr* case in rejecting 28 U.S.C. §1361 and with *Colton* in rejecting the Declaratory Judgment Act, as inappropriate vehicles for the instant claims. *Schorr*, 2004 WL 1320898 at *4; *see also, Yip v. Federal Bureau of Prisons*, 2005 WL 737567 (E.D.N.Y. April 1, 2005); *Colton*, 299 F.Supp.2d at 686-87. Therefore, this action was ordered to

go forward only under the Court's §2241 jurisdiction. Additionally, the Court noted that after the filing of the instant action, the appellate court in this circuit had issued an opinion holding that the change of BOP policy at issue herein does not violate the APA. *Dismas Charities, Inc. v. United States Department of Justice*, 401 F.3d 666 (6th Cir. March 11, 2005).

Accordingly, the Court directed the respondent to address only the exhaustion issue and the merits of the remaining constitutional claims made by the petitioner. The respondent has now done so, asserting his entitlement to dismissal of or judgment on the instant petition.

Standards for Dismissal/Summary Judgment

Fed.R.Civ.P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Thereafter, Rule 12(b) continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of the rule permits a Rule 12(b)(6) motion to be converted into a motion for summary judgment. Fed.R.Civ.P. 12(b); *Haase v. Sessions*, 835 F.2d 902, 905 (D.C. Cir. 1987). If affidavits go to the underlying claim and the Court considers them pertinent to its ruling on the Rule 12(b)(6) motion for failure to state a claim, then conversion becomes mandatory, *i.e.*, the Court "shall" convert the motion into one for summary judgment pursuant to Rule 56.

Because the Court has considered the declarations attached to the response herein, the standards of Rule 56 must also be set out. Under Federal Rule of Civil Procedure 56, the Court must determine whether there are "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he plain language of Rule 56(c)

4

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of showing there is an absence of evidence to support a claim. *Id.* at 324-25.

With these standards in mind, the Court turns its attention to the parties' motions.

Application of Standards

As to the exhaustion issue, the administrative remedy program available to inmates confined in BOP institutions consists of a four-stage process. *See* 28 C.F.R. §§542.10-.19 (1998). Federal courts have long exhaustion of these administrative remedies prior to the filing of a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The instant petitioner admits that he completed only the first of the 4 steps, but asks that the exhaustion requirement be waived, as it was for the petitioner in the *Colton* case. As the respondent herein points out, however, Petitioner Santoro is simply not similarly situated to Petitioner Colton. Colton was on the edge of release to the CCC on a certain date, under the old policy of providing prisoners CCC placement for their final six months, when the date was jerked away and a later one set, the decision based solely on the complained-of change in BOP policy interpreting 18 U.S.C. §3621(b) and portions of §3624(c). Also, unlike the instant petitioner, he had completed all but the

last step in the administrative process, so as to provide the Court with a record showing the BOP's adherence to the new policy regardless of the equities and indicia of the futility of his appealing further. Most importantly, the BOP's decision to deny Petitioner Colton an earlier CCC placement had nothing to do with him, only with the change in policy. This Court could, therefore, address merely the legal issue of the validity of the changed policy and its application to that petitioner.

The instant petitioner suggests that he is similarly situated and the decision about his placement was similarly based, but the evidence is to the contrary. He never had a CCC date set and then changed, based on the intervening policy. He did not even enter prison until almost 2 years after the change in policy. The petitioner's own exhibit to his petition contains a November, 2004 inquiry into the reason for a short CCC placement[2] and the answer of Case Manager Bruce Niday, who states that "CCC placement is based upon individual need." In a later uncontradicted declaration, which is attached to the response herein, Niday explains the individual needs process which he follows to arrive at recommended CCC dates for prisoners and justifies with particularity the petitioner's August 2, 2005 date as follows:

> . . . I determined approximately one month CCC placement was appropriate for Petitioner, because he has a short sentence and has not been incarcerated long, and will return to his family, established residence, and a job. In general, the stronger an inmate's outside resources and community ties, the less CCC time he will receive, because the inmate will have fewer transitional needs.

Attached Declaration of Niday at 2. Since his placement was not based only on the policy change and he failed to appeal the date but did nothing for 4 months, the petitioner has also not established the futility of the administrative process. The exhaustion requirement will not, therefore, be waived

---

[2] The Court notes that the 2002 ten percent CCC policy was undergoing notice and comment at that time and became a regulation, 28 C.F.R. §570, on February 14, 2005.

for him. Dismissal is appropriate on this ground alone.

The Court agrees with the respondent that dismissal is also appropriate because the petitioner has failed to state a claim upon which this Court may grant relief. Like his APA claim, his *ex post facto* claim fails on the facts. As the Court discusses above, the complained-of policy change occurred well before the petitioner's sentence and entry into prison; and he has not suffered an additional unexpected punishment or otherwise been disadvantaged by the change.

Nor has the petitioner suffered any other impermissible infringement of his rights. Congress has imposed only on the BOP the duty to "designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . the Bureau determines to be appropriate and suitable." 18 U.S.C. §3621. This is totally discretionary on the face of the statute and judicial decisions. *See Olim v. Wakinekona*, 461 U.S. 238 (1983). The other statute relevant to today's inquiry requires that the BOP assist a prisoner's transition after imprisonment, as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for the prisoner's re-entry into the community.

18 U.S.C. §3624(c). This statute places on the BOP a responsibility to plan for a prisoner's re-entry to society and it also limits the BOP's discretion to a "reasonable" length of time, which cannot be longer than 6 months. It is clearly not an affirmative grant of 6 months in a CCC for any prisoner.

The Court concludes that the respondent has carried his summary judgment burden as movant, to show that there is an absence of evidence to support the claims herein (*Celotex Corp. v. Catrett*, 477 U.S. at 324-25); and that the petitioner has failed to carry his burden to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. at 257).

## CONCLUSION

Accordingly, the Court finding that there are no issues as to any material facts and that the respondent is entitled to judgment as a matter of law, **IT IS HEREBY ORDERED** that Petitioner Silvano Santoro's petition for writ of habeas corpus is **DENIED** and **DISMISSED** on the merits and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent warden.

This June 13, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge